IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
Case Number: 5:16-cv-86

| | |
|---|---|
| ELITE CONSTRUCTION & DESIGNS LLC, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) COMPLAINT ) |
| NINGBO CENTURY HUARUI IMPORT AND EXPORT CO., LTD, a business entity d/b/a NINGOBO HOUSE HOTEL FURNITURE CO., LTD, and CHUNMEI YANG, individually, | ) ) ) ) ) ) ) |
| Defendants. | ) |

NOW COMES the Plaintiff, Elite Construction & Designs LLC, by and through its counsel of record, and complaining of Defendants Ningbo Century Huarui Import and Export Co., Ltd and Chunmei Yang, states and avers as follows:

## THE PARTIES

1. Plaintiff is a limited liability company organized and existing under the laws of the State of Delaware with a principal place of business in Morrisville, North Carolina.

2. Upon information and belief, Defendant Ningbo Century Huarui Import and Export Co., Ltd d/b/a Ningbo House Hotel Furniture Co., Ltd ("Ningbo") is Chinese corporation with a principal place of business in the Zhejiang Province, in the People's Republic of China.

3. Upon information and belief Defendant Chunmei Yang ("Yang") is an individual residing in the Zhejiang Province of the People's Republic of China.

1

## JURISDICTION

4. Jurisdiction is proper under 28 U.S.C. § 1332 (a)(2) based on the diversity of citizenship of the Plaintiff and Defendants, in that Defendants are citizens of a foreign state and the amount in controversy exceeds the sum of $75,000.

5. This Court has personal jurisdiction over the parties in this action as a result of the contract between Elite Construction & Designs LLC and Defendant Ningbo for the delivery of goods into the State of North Carolina.

## VENUE

6. Pursuant to 28 U.S. Code §1391(b)(2) and (b)(3) venue is proper in this Court in that a substantial part of the events or omissions giving rise to the claim occurred in Wake County, North Carolina and the Defendants are not residents of the United States.

## GENERAL ALLEGATIONS

7. The allegations contained in paragraphs 1 through 6 of this Complaint are hereby incorporated by reference and realleged as if fully set forth herein.

8. Plaintiff placed an order for the production and delivery of certain hotel furnishings with Defendant Ningbo.

9. Plaintiff paid a deposit of Fifty-One Thousand Five Hundred and Twelve 76/100 U.S. Dollars (US$51,512.76) ("First Payment") as consideration for the commencement of production of the hotel furnishings. After production, Defendants subsequently shipped the hotel furniture in at least five (5) shipping containers ("Shipping Containers") which arrived in the United States and are located in the port shipping facilities in Charleston, South Carolina.

10. On or about December 16, 2015, Plaintiff and Defendants entered into a Sale of Goods Agreement ("Contract") in which Defendant Ningbo agreed to release the Shipping Containers holding various furniture products ordered by Plaintiff upon Plaintiff's payment to Ningbo of One Hundred Thousand Dollars (US$100,000.00), which represented the outstanding balance for the goods as originally agreed.

11. The Contract was incorrectly dated "January 16, 2015", but both signatures indicate that the contract was actually signed on or about December 16, 2015.

12. Pursuant to the terms of the Contract, Plaintiff paid to Defendant Ningbo One Hundred Thousand Dollars ($100,000.00) on or about December 18, 2015 ("Plaintiff's Second Payment").

13. Defendants denied for a time that it had received Plaintiff's Second Payment. Defendants, in a previous transaction with Plaintiff, had also denied that they received a payment by Plaintiff, but which after delays they admitted was actually received.

14. It was only upon Plaintiff producing certain bank receipts that Defendants then confirmed receipt of the Second Payment.

15. Pursuant to the Contract, Plaintiff demanded that Defendants provide a telex release for the release of the Shipping Containers to Plaintiff.

16. Defendants refused to provide the Telex release or otherwise release the Shipping Containers.

17. Upon information and belief, Defendant Ningbo remained the consignee of the Shipping Containers because it never intended to release the Shipping Containers to Plaintiff.

18. Defendants intentionally misrepresented that they planned to release the Shipping Containers to induce Plaintiff into tendering the Second Payment.

19. As a result of Defendants' refusal to release the Shipping Containers, Defendant Ningbo has breached the Contract.

20. As a result of Defendants' breach of the Contract, Plaintiff has suffered damages in the lost funds paid to Defendants, to wit, the First Payment and the Second Payment.

21. As a result of Defendants' failure to release the Shipping Containers, Plaintiff continues to incur storage and handling fees from its shipping company.

22. As a result of Defendants' materially fraudulent statements and omissions of facts, Plaintiff has incurred damages in the loss of its First Payment and Second Payment, storage costs, as well as business damages from the failure to deliver goods to customers.

**FIRST CLAIM FOR RELIEF
AS TO DEFENDANT NINGBO
(Breach of Contract)**

23. The allegations contained in paragraphs 1 through 22 of this Complaint are hereby incorporated by reference and realleged as if fully set forth herein.

24. Pursuant to an express and/or implied contract Defendant Ningbo agreed to supply certain hotel furnishing to Plaintiff.

25. Pursuant to an express and/or implied contract with Defendant Ningbo, Plaintiff paid Defendants the First Payment as a deposit, and subsequently the Second Payment.

26. Plaintiff has fully performed under the Contract by paying all sums under the Contract to Defendant Ningbo.

27. Defendants materially breached the express and/or implied contract by failing to release the Shipping Containers to Plaintiff via Telex Release.

28. As a direct and proximate result of Defendant Ningbo's breach of the Contract, Plaintiff has suffered damages in the amount of One Hundred and Fifty One Thousand Five Hundred and Twelve 76/100 Dollars (US$151,512.76) in direct damages.

**FIRST (ALTERATIVE) CLAIM FOR RELIEF**
**AS TO DEFENDANT NINGBO**
**(Unjust Enrichment)**

29. The allegations contained in Paragraph 1 through 28 of this Complaint are hereby incorporated by reference and realleged as if fully set forth herein.

30. Plaintiff provided funds to Defendants and in return expected the release of the Shipping Containers with the ordered furniture items in good condition, and without additional conditions for release.

31. As a result of the payments provided by Plaintiff to Defendants under the Contract, Defendants owe Plaintiff at least One Hundred and Fifty One Thousand Five Hundred and Twelve 76/100 Dollars (US$151,512.76).

32. As a proximate result of the foregoing, Defendants have been unjustly enriched in the amount of One Hundred and Fifty One Thousand Five Hundred and Twelve 76/100 Dollars (US$151,512.76) and Plaintiff is entitled to recover that sum from Defendants.

## SECOND CLAIM FOR RELIEF
## AS TO DEFENDANT NINGBO AND DEFENDANT YANG
### (Fraud)

33. The allegations contained in paragraph 1 through 32 of this Complaint are hereby incorporated by reference and realleged as if fully set forth herein.

34. Defendants made false representations and material omissions to Plaintiff as described herein, including:

   a. Falsely stating that Defendants would release the Shipping Containers upon receiving the Second Payment;

   b. Falsely stating that Defendants would change the name of the consignee on the Shipping Containers;

   c. Falsely stating that Defendants had not received the Second Payment when they had in fact received it;

   d. Omitting to state to Plaintiff that Defendants would not release the Shipping Containers upon receipt of the Second Payment.

35. Defendants made the above representations knowing that they were false and intentionally failed to disclose the relevant facts.

36. Defendants' false representations and material omissions were reasonably calculated to deceive Plaintiff into tendering payment, thereby setting up Defendants' plan to accept the final payment without any intention of releasing the Shipping Containers. This fraudulent conduct thereafter deprived Plaintiff of the release of the Shipping Containers and the goods that it rightfully owned.

37. Plaintiff was, in fact, deceived by Defendants' aforementioned false representations and material omissions.

38. Plaintiff was damaged due to reliance on Plaintiff's false representations and material omissions as describe herein, specifically that Plaintiff assented to the terms of Contract in reliance upon Defendants' representation that Defendants would release the Shipping Containers holding the hotel furniture for which Plaintiff had paid. This misrepresentation caused the Plaintiff to pay the Second Payment in reliance thereof. This resulted in Plaintiff performing its obligations pursuant to the Contract without ultimately being in possession of the Shipping Containers and the hotel furniture in them.

39. As a direct and proximate result of Defendants' false representations and omissions, Plaintiff has been damaged in an amount greater than One Hundred and Fifty One Thousand Five Hundred and Twelve 76/100 Dollars (US$151,512.76).

## THIRD CLAIM FOR RELIEF
## AS TO DEFENDANT NINGBO AND DEFENDANT YANG
### (Fraud)

40. The allegations of paragraphs 1 through 39 hereinabove are hereby incorporated by reference and realleged as if fully set forth herein.

41. The actions of Defendants were in or affecting commerce within the meaning of Chapter 75 of the North Carolina General Statutes.

42. The acts of Defendants constitute unfair and deceptive trade practices in violation of N.C.G.S. 75-1.1.

43. As a direct and proximate result of the unfair and deceptive trade practices of Defendants, Plaintiff has incurred actual damages in an amount in excess of One Hundred and

Fifty One Thousand Five Hundred and Twelve 76/100 Dollars (US$151,512.76).

44. Defendant is entitled to recover treble damages pursuant to N.C.G.S. 75-16, and attorney's fees pursuant to N.C.G.S. 75-16.1.

JURY TRIAL DEMAND

Defendant and Third Party Plaintiff hereby demands that all issues so triable be tried by jury.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant having responded to Plaintiff's complaint, and Third Party Plaintiff having complained of Third Party Defendant, prays that the Court:

1. Find in favor of Plaintiff on all of Plaintiff's causes of action against Defendants;

2. Award Plaintiff against Defendants actual damages in excess of Twenty-Five Thousand Dollars ($25,000.00);

3. Award Plaintiff against Defendants treble damages pursuant to N.C.G.S. 75-16 and/or punitive damages;

4. Award Plaintiff attorneys' fees against Defendants pursuant to N.C.G.S. 75-16.1;

5. The costs of this action be taxed to Defendants; and

6. The Court order such other and further relief as the Court may deem just and proper.

Respectfully submitted, this the 23rd day of February 2016.

                                      THE CONNOR LAW FIRM, PLLC

                    By:    /s/ Gregory S. Connor
                            GREGORY S. CONNOR
                            NC State Bar No.: 22445
                            4208 Six Forks Road, Suite 1000
                            Raleigh, NC 27609
                            (919) 237-9220
                            (919) 237-9221
                            Email: gc@connorlaw.com
                            Counsel for Plaintiff